IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF
GEORGIA MACON DIVISION

| | |
|---|---|
| **TRAVIS LEROY BALL,** | : |
| **Plaintiff,** | : |
| VS. | : NO. 5:23-cv-85-TES-MSH |
| **JUDGE BRENDA TRAMMELL,** *et al.*, | : |
| **Defendants.** | : |

**ORDER**

Plaintiff Travis Leroy Ball, a prisoner in the Coffee Correctional Facility in Nicholls, Georgia, filed a 42 U.S.C. § 1983 action. ECF No. 1. He moved to proceed *in forma pauperis* but failed to include a certified copy of his trust fund account statement. ECF No. 2. On March 29, 2023, the Court ordered Plaintiff to provide a certified copy of his trust fund account statement, which should include a copy of his transactions for the past six months. ECF No. 5. Plaintiff failed to respond. On April 24, 2023, the Court ordered Plaintiff to show cause why his action should not be dismissed for failure to follow the Court's March 29, 2023 Order. ECF No. 6. Plaintiff was given fourteen days to respond but failed to do so.

Plaintiff notified the Court that he was transferred to Georgia Diagnostic and Classification Prison in Jackson, Georgia and later to the Coffee Correctional Facility in Nicholls, Georgia. ECF Nos. 7; 10. Plaintiff may not have received a copy of the April

24, 2023 Order to Show Cause because of his transfers. On May 17, 2023, the Court mailed a copy of the Order to Show Cause to Plaintiff and gave him fourteen days to respond. ECF No. 8. The May 17, 2023 Order was resent to Plaintiff at the Coffee Correctional Facility on May 30, 2023. Plaintiff failed to respond, and, therefore, the Court dismissed his action without prejudice on June 27, 2023. ECF No. 11.

Plaintiff has now responded to the Order to Show Cause with a second motion to proceed *in forma pauperis*. ECF No. 13. Under the "mailbox rule" the Court generally deems a prisoner's response filed on the date the prisoner signs the response and delivers it to prison officials for mailing. *See Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993). "Absent evidence to the contrary, [the Court] assume[s] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (citation omitted). Thus, the Court finds the motion to proceed *in forma pauperis* was timely filed on June 2, 2023. ECF Nos. 8; 10; 13. The Court, therefore, **VACATES** the June 27, 2023 Order dismissing this action and the June 28, 2023 Judgment. ECF Nos. 11; 12.

While Plaintiff timely responded to the Court's Order to Show Cause, he did not follow the Court's instructions. He did not provide a certified copy of his prisoner trust fund account statement as he was ordered to do. ECF No. 13. Plaintiff has had many opportunities to provide the Court with this information. ECF Nos. 5; 6; 8. The Court informed Plaintiff in its last Order that his action would be dismissed immediately if he

failed to comply with the Court's instructions.  ECF No. 8 at 2.

Due to Plaintiff's failure to follow the Court's instructions in its many Orders, the case is hereby **DISMISSED WITHOUT PREJUDICE**.  Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Ctny. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 7th day of July, 2023.

S/ Tilman E. Self, III
JUDGE TILMAN E. SELF, III
UNITED STATES DISTRICT COURT